```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

WILLIS REED, JR.                                CIVIL ACTION

VERSUS                                          NO: 11-1816

HUNTINGTON INGALLS                              SECTION: R
INDUSTRIES, INC.

## ORDER AND REASONS

Before the Court is defendant Huntington Ingalls Industries', Inc. ("HII") motion for summary judgment. Plaintiff has not responded to defendant's motion and is no longer pursuing this action. For the following reasons the Court grants defendant's motion.

## I.    BACKGROUND

Plaintiff, Willis Reed Jr., was a welder for Northrop Grunman Corporation for over nine years.[1] On April 29, 2006, he was injured on the job and unable to return to work.[2] Plaintiff received Workers' Compensation benefits from 2006 until 2008 when they were discontinued.[3] On April 26, 2011, plaintiff made a claim for long-term disability benefits under the Avondale Industries, Inc. Employee Benefit Plan Production Hourly

---

[1]   R. Doc. 1; R. Doc. 21-4.

[2]   R. Doc. 1.

[3]   R. Doc. 21-6.

Employees ("Avondale Plan").[4] Defendant HII is the sponsor of the Avondale Plan. In a letter sent on May 25, 2011 plaintiff's claim was denied.[5] The letter explained that the Avondale Plan did not cover work-related injuries for which plaintiff was eligible to receive Workmans' Compensation, and recited the operative provision of the Avondale Plan:

> [D]isability benefits will not be payable for an accident or sickness related to any employment for wage or profit, disability for which you are entitled to receive benefits under any Workmans' Compensations, occupational disease or similar law of any state or federal government, act of violence where the employee is the aggressor.[6]

Because Plaintiff was entitled to Workmans' Compensation , and did receive those benefits, his claim was denied pursuant to the Avondale Plan.[7] On June 28, 2011, plaintiff appealed the denial of his claim and was again denied on June 29, 2011.[8] On July 27, 2011, Plaintiff initiated this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") against HII claiming that defendant "failed to conduct a full and fair review of his claim" and that defendant "abused [its] discretion in determining that plaintiff is not totally disabled within the

---

[4]   R. Doc. 21-4.

[5]   R. Doc. 21-5.

[6]   *Id.*

[7]   R. Doc. 21-4.

[8]   R. Doc. 21-6; R. Doc. 21-7.

meaning of the disability plan."[9] Defendant's motion for summary judgment is now before this Court.[10] Plaintiff has not responded in opposition to the motion and no longer wishes to pursue this action.

## II.   STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision*

---

[9]   R. Doc. 1.

[10]  R. Doc. 21.

*Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (internal quotation marks omitted).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991)(citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325. *See also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery

4

and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'")(citing *Celotex*, 477 U.S. at 332).

A nonmovant's failure to respond to a motion for summary judgment does not permit the entry of a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Tutton v. Garland Independent School Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). The district court, however, may accept movant's evidence as undisputed and relegate the nonmovant to his unsworn pleadings. *Eversley*, 843 F.2d at 174; *McIVER v. United States*, 650 F. Supp. 2d 587, 590 (N.D. Tex. 2009); *Denmark v. Cole*, No. 2:02 CV 0295, 2005 WL 3293988, at *3 (N.D. Tex. Nov. 30, 2005)("Because of plaintiff's failure to respond, defendants' evidence is accepted as undisputed an summary judgment may issue to defendants upon a prima facie showing of entitlement.").

**B. ERISA Standard**

The Employee Retirement Income Security Act of 1974, "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008); *see* 29 U.S.C. § 1132(a)(1)(B). The summary judgment standard for ERISA claims is "unique," because the Court acts in an appellate capacity reviewing the decisions of the administrator of the plan.

*McFadden v. Prudential Ins. Co. of Am.*, No. 3:11-cv-108-CWR-FKB, 2012 WL 2839634, at *2 (S.D. Miss. July 10, 2012)(citation omitted); *see also Leahy v Raytheon Co.*, 315 F.3d 11, 17-18 (1st Cir. 2002)(noting the discongruence between the typical summary judgment standard and the standard of review in ERISA cases). Where the decision to grant or deny benefits is reviewed pursuant to ERISA, "a motion for summary judgment is merely the conduit to bring the legal question before the district court." *Crume v. Metropolitan Life Ins. Co.*, 417 F. Supp. 2d 1258, 1272 (M.D. Fla. 2006); *see also Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 269-70 (5th Cir. 2004) (outlining the standard of review for ERISA claims).

1.   **Procedural Challenges to a Plan Administrator's Review**

ERISA mandates that employee benefit plans "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. Challenges to ERISA procedures are evaluated under the substantial compliance standard. *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 392-93 (5th Cir. 2006). Substantial compliance means that technical noncompliance with ERISA procedures will be excused "so long as the purposes of § 1133 have been fulfilled. *Id*. (citations omitted).

**2.   Substantive Challenges to Denial of Benefits**

When an ERISA plan administrator denies a benefit claim, it makes two decisions subject to review: (1) it decides the facts underlying the claim and (2) it construes the terms of the plan.

District courts review the plan administrator's factual determinations for abuse of discretion. *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 226 (5th Cir. 2004)(noting that factual determinations are "always reviewed for abuse of discretion"); *Pierre v. Conn. Gen. Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir. 1991).

District courts normally review a plan administrator's construction of the terms of the plan *de novo*. *Vercher*, 379 F.3d at 226. Alternatively, if "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," then the administrator's construction is reviewed for abuse of discretion. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 114 (1989); *see Holland v. Int'l Paper Co. Ret. Plan*, 576 F.3d 240, 246 (5th Cir. 2009). In order for a court to review an administrator's construction under the abuse of discretion standard, the plan language must "expressly confer discretionary authority to the administrator." *Chevron Chem. Co. v. Oil, Chem. & Atomic Workers Local Union 4-447*, 47 F.3d 139, 142 (5th Cir. 1995)(citation omitted).

When reviewing an ERISA plan administrator for abuse of discretion, the court proceeds in two steps. *Ellis*, 394 F.3d at 269-70. First, a court must determine the legally correct interpretation of the plan. *Id.* at 270. When deciding this first question, the court considers: "(1) whether the administrator has given the plan a uniform construction, (2) whether the interpretation is consistent with a fair reading of the plan, and (3) any unanticipated costs resulting from different interpretations of the plan." *Id.* at 270 (quoting *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 637-38 (5th Cir.), *modified*, 979 F.2d 1013 (1992). If the determination was legally correct, there was no abuse of discretion and the inquiry ends. *Ellis*, 394 F.3d at 270.

If the determination was legally incorrect, the court proceeds to step two and decides whether the interpretation was an abuse of discretion. *Ellis*, 394 F.3d at 269-70. Abuse of discretion review of ERISA plan administrator is the "functional equivalent of arbitrary and capricious review." *Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 512 (5th Cir. 2010). A decision is arbitrary if it is "made without a rational connection between the known facts and the decision." *Meditrust Fin. Servs. Corp. V. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999)(citation omitted). An administrator must also have "substantial evidence" to support its decision to deny or terminate benefits. *Ellis*, 394

F.3d at 274. Substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 273 (citations omitted); *Tesch v. Prudential Ins. Co. of Am.*, 829 F. Supp. 2d 483, 493 (W.D. La. 2011).

Lastly, the Supreme Court instructs district courts to "take[] into account" as a "factor in determining whether there is an abuse of discretion" the conflict of interest arising from a plan administrator's dual role in making benefits determinations and funding the benefit plan. *Glenn*, 554 U.S. at 115; *Holland*, 576 F.3d at 247 (citations omitted).

## III. DISCUSSION

Plaintiff has not responded to defendant's motion for summary judgment and no longer wishes to pursue this motion. Accordingly, this Court will accept defendant's statement of the facts as undisputed. *Eversley*, 843 F.2d at 174.

### A. Plaintiff Received a Full and Fair Review

Plaintiff does not support his assertion that he did not receive a full and fair review, and this Court finds that the denial of his claim substantially complied with the requirements of 29 U.S.C. § 1133. *Robinson*, 443 F.3d at 392-93. The May 25, 2011 letter denying plaintiff's claim provided him with "adequate notice in writing . . . setting forth the specific reasons for

such denial." § 1133(1). The letter explained that his plan did not cover injuries eligible for Workmans' Compensation.[11] Further, plaintiff was given a "full and fair review" when he appealed the decision on June 28, 2011. § 1133(2). Accordingly, plaintiff received a full and fair review of his claim. *Robinson*, 443 F.3d at 392-94.

**B.  Defendant Did Not Abuse Its Discretion**

Plaintiff next asserts that defendant abused its discretion in determining that plaintiff is not totally disabled within the meaning of the disability plan. HII never determined that plaintiff was not totally disabled within the meaning of the Avondale Plan. Instead, HII based its denial on the provision excluding claims eligible for Workers' Compensation from disability coverage. Accordingly, plaintiff's claim fails.

Further, this Court finds that HII did not abuse its discretion in construing the plan to exclude injuries eligible for Workers' Compensation benefits.

**1.  The Avondale Plan Confers Discretion on the Administrator to Interpret the Plan**

The Avondale Plan provides that the Avondale Review Committee "shall have the sole and exclusive discretion and power to grant and/or deny any and all claims for benefits and construe

---

[11]  R. Doc. 21-5.

any and all issues of Plan interpretation and/or facts relating to eligibility for benefits."[12] The Avondale Plan, then, explicitly confers discretion on the plan administrator to construe the plan. Additionally, because plaintiff has not responded to defendant's motion for summary judgment, plaintiff's evidence that the Plan confers discretion on HII is accepted as undisputed.[13]

Accordingly, this Court will review the decision for abuse of discretion following the two-step frame work outlined in *Ellis*. *See Firestone Tire*, 489 U.S. at 114; *Holland*, 576 at 246; *Ellis*, 394 F.3d at 269-70. The Court will determine whether a genuine issue of fact exists as to whether defendant acted arbitrarily and capriciously when it decided to deny plaintiff's claim and whether such a decision was supported by substantial evidence.

Plaintiff has not asserted any conflict of interest on behalf of defendant. However, even assuming a conflict of interest, there is no evidence that a conflict influenced defendant's decision and the Court treats the existence of a conflict as a factor demanding only a "modicum less deference to the administrator's determination." *Burkenstock v. Nortwest Airlines, Inc.*, 398 F. Supp. 2d 507, 511 (E.D. La. 2005); *Glenn*,

---

[12] R. Doc. 21-1.

[13] R. Doc. 21-1.

544 U.S. 105, 115-117. As discussed below, Defendant's decision surpasses even this less deferential standard.

## 2. HI's Construction of the Plan was Legally Correct

Under the first step, the Court must determine the legally correct interpretation of the plan by considering "(1) whether the administrator has given the plan a uniform construction, (2) whether the interpretation is consistent with a fair reading of the plan, and (3) any unanticipated costs resulting from different interpretations of the plan." *Ellis*, 394 F.3d at 270 (citation omitted). The provision at issue states:

> [D]isability benefits will not be payable for an accident or sickness related to any employment for wage or profit, disability for which you are entitled to receive benefits under any Workmans' Compensations, occupational disease or similar law of any state or federal government, act of violence where the employee is the aggressor.[14]

There is no evidence of record regarding either the first or third factors and plaintiff has not come forth with a competing interpretation. Therefore, those factors are not discussed. *See Atteberry v. Memorial-Hermann Healthcare Sys. ex rel Atteberry*, 405 F.3d 344, 349 (5th Cir. 2005). The determinative factor is whether the reading of the Avondale Plan was fair. *See Patterson v. Prudential Ins. Co. of Am.*, 693 F. Supp. 2d 642, 652-653 (S.D. Tex. 2010)(skipping the first and third factor when there was no information in the record informing their consideration).

---

[14] R. Doc. 21-5.

Defendant's reading of the provision to exclude coverage for injuries eligible for Workers' Compensation is supported by its plain text, and plaintiff offers no competing interpretation. Further, plaintiff admitted that this interpretation was legally correct.[15]

Because the interpretation was legally correct, there was no abuse of discretion and therefore no need for this Court to address step two of the analysis. *Ellis*, 394 F.3d at 270.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 26th day of September, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[15] R. Doc. 21-1.